# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

        Plaintiff,

v.                                    Case No. 07-C-1112

MARK KLUCK, CHAD FREY,
PEGGY KENDRIGAN, MELISSA ROBERTS,
DONNA HARRIS, and JAN CUMMINGS,

        Defendants.

## DECISION AND ORDER

The plaintiff, Andrew Wingo, filed a *pro se* complaint against the defendants in Milwaukee County Circuit Court on November 3, 2007, alleging violations of his civil rights. The defendants filed a petition for removal to this court. This court issued a scheduling order and, pursuant to the scheduling order, the defendants filed a motion for summary judgment on October 1, 2008. The plaintiff did not respond. His response would have been due November 1, 2008. Rather, on December 18, 2008, the plaintiff filed a motion for remand. Both motions are now before the court.

### PLAINTIFF'S MOTION TO REMAND

The plaintiff asks the court to remand this action to the Milwaukee County Circuit Court because he is not authorized to litigate cases in this court. In support of his motion to remand, the plaintiff provided the court with a copy of an order entered by the Seventh Circuit instructing the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of

Wingo. The Seventh Circuit's order, dated August 2, 2007, contains the exception that it "does not apply to criminal cases or petitions challenging the terms of his confinement." The defendants argue that these exceptions cover this litigation. However, the Seventh Circuit based its order on *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). In *Mack*, the court made "an exception for any criminal case in which [the plaintiff] is a defendant and for any application for habeas corpus that he may wish to file. That is, we will not impede him from making any filings necessary to protect him from imprisonment or other confinement, but we will not let him file any paper in any other suit in the federal courts of this circuit until he pays the money he owes." *Id.* The court concludes that this case, which the plaintiff brought under § 1983, does not fall under the exception explicitly set forth in the Seventh Circuit's order regarding the plaintiff. Nevertheless, although the plaintiff has been barred from filing documents in courts in all federal courts in the Seventh Circuit, the court will make an exception for this case because it was the defendants who chose to remove this case to federal court.[1] The plaintiff was not attempting to circumvent the Seventh Circuit's order; in fact, he was abiding by it when he chose to file his complaint in Milwaukee County Circuit Court. The court respects the defendants' choice to bring this case to the district court and does not

---

[1] Given the plaintiff's restricted filer status as set forth in the August 2, 2007 order from the Seventh Circuit, it is unclear how the plaintiff was able to file his motion for remand in this case. It appears the motion for remand is the only document the plaintiff has filed since the inception of this case.

2

believe that allowing the plaintiff's case to remain in this court will frustrate the purposes of the Seventh Circuit's order.

The defendants had the right to remove this case to federal court. *See* 28 U.S.C. §§ 1441 and 1446. Under 28 U.S.C. § 1447, district courts are provided two bases for granting a motion to remand: (1) a defect in the removal procedure; and (2) lack of subject matter jurisdiction. *Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223, 1225 (7th Cir. 1991). In addition, the district court has discretion to remand an action removed from state court when all federal claims have dropped out of the case and only pendent state law claims remain. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988). The plaintiff does not contend that this court lacks jurisdiction over the action. Nor does he point to any defect in the removal process. Additionally, the plaintiff's complaint sets forth a federal constitutional claim. While the removal statute is to be construed narrowly and, therefore, against removal, the defendants here have established their right to do so. 28 U.S.C. § 1441. The plaintiff's motion to remand will be denied.

**SCREENING OF PLAINTIFF'S COMPLAINT**

The defendants asked, in their removal petition, that Wingo's complaint be screened pursuant to 28 U.S.C. § 1915A. Although it was not originally screened, the court will now do so. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or

3

portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To

4

state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal

5

construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff brought this civil rights complaint under § 1983 alleging a violation of his civil rights while he was on community supervision in the custody of the Wisconsin Department of Corrections (DOC), Division of Community Corrections (DCC). He is now on unsupervised release. The plaintiff names six employees of the DCC as defendants, including his probation/parole agent, three supervisors, an assistant regional chief and a regional chief.

According to the plaintiff, December 13, 2005, was his mandatory release date from prison. (Complaint, ¶ 8). Prior to the plaintiff's release, probation/parole agent Mark Kluck obtained permission from his supervisors, Chad Frey, Peg Kendrigan, Melissa Roberts, and Donna Harris, to place the plaintiff in a mental health treatment facility operated by Wisconsin Community Services, Inc. (Complaint, ¶¶ 9, 10). The plaintiff expressed to Kluck that he did not want to be involuntarily committed to a mental health treatment facility, but Kluck "forced the plaintiff against his will to involuntary commitment." (Complaint, ¶¶ 11, 12).

On January 20, 2006, the plaintiff went to the office of Jan Cummings and expressed to her that he was not consenting to being involuntarily committed and that he believed Kluck was without authority to place the plaintiff in a mental health treatment facility. (Complaint, ¶ 13). However, Cummings agreed with Kluck. (Complaint, ¶ 14). On February 13, 2006, the plaintiff was committed to a mental

6

health treatment facility operated by Wisconsin Community Services, Inc., where the plaintiff "lost his freedom to move about in the community and suffered bodily restraint." (Complaint, ¶ 15).

The plaintiff submits that the defendants knew or should have known that they were violating the plaintiff's liberties by forcefully committing him to an inpatient mental health treatment facility. He asserts that the defendants violated his rights under the Fourteenth Amendment by participating in the decision-making process to commit him involuntarily to an inpatient treatment facility without due process. As relief, the plaintiff seeks $1,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages.

A state prisoner in Wisconsin is "entitled to mandatory release on parole" upon serving two-thirds of his sentence. Wis. Stat. § 302.11; *see Felce v. Fiedler*, 974 F.2d. 1484, 1491-92 (7th Cir. 1992) (Wisconsin's mandatory release statute creates a protectible liberty interest). Prisoners who reach their mandatory release date (full sentence less good time) are released on parole until expiration of the full term. According to the plaintiff's complaint, he was involuntarily committed to an inpatient mental health treatment facility after the date of his mandatory release. Based solely on the information presented in the plaintiff's complaint and construing it liberally, which is the standard at screening, the plaintiff may proceed on a Due Process Claim against the defendants. He generally states that each defendant made decision(s) regarding his placement in an inpatient mental health treatment facility.

7

The court notes that it has reviewed the defendants' summary judgment materials. Those materials reveal that the plaintiff was actually placed in a halfway house as a condition of his parole, which is a very different situation than involuntary commitment to an inpatient mental health treatment facility.

Nevertheless, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Hosp. Bld. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give a *pro se* plaintiff's allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The plaintiff will be allowed to proceed on a Fourteenth Amendment Due Process claim.

The court also has considered the possibility that the plaintiff's § 1983 complaint should be dismissed because challenges to parole conditions must first be made in a habeas petition. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003); *see also Drollinger v. Milligan*, 552 F.2d 1220, 1224-25 (7th Cir. 1977). However, the plaintiff's complaint does not explicitly state that he was to be on parole after his mandatory release. Although the plaintiff likely meant his "mandatory release" under Wis. Stat. 302.11(1), it is possible that he was referring to the actual end of his sentence and was to be released without restrictions.

Additionally, the plaintiff has stated in his complaint that he is now on unsupervised release. He is no longer subject to the involuntary commitment he

8

complains of in his complaint, so any request for habeas relief would be moot. It would be futile to dismiss this case and instruct the plaintiff to refile his claim as a petition for a writ of habeas corpus when the court is aware that he will not succeed on such a claim. In *Yoder v. Wisconsin Department of Corrections*, No. 03-C-193-C, 2004 WL 602647, *7-8 (W.D. Wis. Mar. 11, 2004), a judge in the Western District of Wisconsin addressed the problem of a moot habeas petition where someone is challenging parole or probation restrictions that have since been lifted. It was noted that "a prisoner may bring a § 1983 claim challenging the conditions of his confinement where he is unable to challenge the conditions through a petition for habeas corpus." *Id.* at *8 (quoting *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)) (internal quotation marks omitted). "However, neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has decided whether a *moot* habeas petition may be brought as a § 1983 action." *Yoder*, 2004 WL 602647, *8 (emphasis in original). In the absence of direction, this court concludes that the plaintiff should not be left without a means of presenting his Due Process claim and, as a result, will allow the plaintiff's claim to proceed under § 1983.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

As noted earlier, the defendants' motion for summary judgment is also pending before the court. However, the plaintiff's motion for remand makes clear that he did not believe he had access to this court after the defendants removed this case. Thus, it is unlikely he was able to meaningfully engage in discovery, or to

9

petition the court in the event of a discovery dispute. Likewise, the court presumes that the plaintiff did not believe he could file his own motion for summary judgment or respond to the substance of the defendants' motion. Now that the court has denied the plaintiff's motion to remand and made clear that the plaintiff may file documents in this particular case, despite the Seventh Circuit's August 2, 2007, order, the plaintiff must be afforded an opportunity to participate in this litigation. To that end, the court will deny the defendants' motion for summary judgment without prejudice and separately issue a new scheduling order. If, after discovery closes again, the defendants wish to rely on the summary judgment motion they previously filed, they may do so by refiling the same pleadings.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand (Docket #20) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #10) be and is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If

the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

11